Filed 2/25/14  P. v. Harrison CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E051465 |
| v. | (Super.Ct.No. FELSS1001624) |
| KELVIN HARRISON, | **OPINION** |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Katrina West, Judge.  Dismissed as moot.

Ron Boyer, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Gary W. Schons, Assistant Attorney General, and Lilia E. Garcia and Quisteen S. Shum, Deputy Attorneys General, for Plaintiff and Respondent.

Kelvin Harrison appeals from an order that he be civilly committed for one year as a mentally disordered offender (MDO).

In his opening brief, he raised multiple contentions, including that there was insufficient evidence that he had received the requisite evaluation and certification.

Originally, we agreed with his contention regarding the insufficiency of the evidence of evaluation and certification; we rejected the People's argument that they were not required to prove evaluation and certification. Accordingly, we reversed.

The California Supreme Court, however, granted the People's petition for review. Ultimately, it held that the People were not required to prove evaluation and certification. (*People v. Harrison* (2013) 57 Cal.4th 1211, 1220-1230.) It therefore reversed our judgment. (*Id*. at p. 1230.)

In its opinion, the Supreme Court noted: "After review was granted and briefing was completed, Harrison's counsel informed us that a petition to extend Harrison's commitment . . . been heard and denied . . . and that Harrison was released from custody upon the completion of his parole on February 28, 2013. *As both parties concede*, the issue in this appeal is now moot as to Harrison. At their request, though, we will exercise our inherent discretion to resolve the issue concerning the scope of the 'criteria' that must be proved to the trier of fact at a hearing in superior court under section 2966, subdivision (b). The issue is one of broad public interest that is likely to recur, and the relatively short MDO commitment may otherwise cause the question to evade review. [Citations.]" (*People v. Harrison*, *supra*, 57 Cal.4th at pp. 1217-1218, italics added.)

The Supreme Court remanded the case to us with directions "to determine, in the first instance, whether Harrison's remaining claims are moot." (*People v. Harrison*, *supra*, 57 Cal.4th at p. 1230.)

After remand, the parties did not file any supplemental briefs. (See Cal. Rules of Court, rule 8.200(b).) Thus, they have not claimed that any of the remaining issues are of broad public interest and likely to recur, or otherwise not moot.

Based on the parties' concession, the appeal is hereby dismissed as moot.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RICHLI
J.

We concur:

HOLLENHORST
Acting P. J.

CODRINGTON
J.